UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT NOEL, #42345-039,

Plaintiff,

v.

CASE NO. 2:20-CV-12311
HONORABLE DENISE PAGE HOOD

DANA NESSEL, et al.,

Defendants.
______________________________/

**ORDER DENYING PLANITIFF'S MOTION FOR RECONSIDERATION**

Federal prisoner Robert Noel ("Plaintiff"), confined at the Loretto Federal Correctional Institution in Cresson, Pennsylvania, submitted a pro se civil rights complaint pursuant to 42 U.S.C. § 1983, as well as an application to proceed without prepayment of the filing fee for this action, *see* 28 U.S.C. § 1915(a)(1), in August, 2020 (entered by the Court in September, 2020). His complaint concerns the validity of searches of his residence in Saginaw, Michigan in 2007 and 2008 and the validity of his related arrest and detention, which ultimately led to his convictions on federal firearm charges. He names Michigan Attorney General Dana Nessel, Assistant Saginaw County Prosecutor George Best, Michigan State Police Detective Tim Larrison, and Saginaw Township Police Detective Carrie Guerrero as the defendants.

The Court denied Plaintiff's application to proceed without prepayment of the filing fee and dismissed his complaint without prejudice pursuant to the three strikes rule, *see* 28 U.S.C. § 1915(g), in January, 2021. The case is now before the Court on Plaintiff's motion for reconsideration of that decision. In particular, he contends that the Court erred in finding that he was not under imminent danger of serious physical injury so as to fall within the exception to the three strike rule.

Having reviewed the matter, the Court finds no reason to reconsider its decision. A motion for reconsideration which presents issues already ruled upon by the Court, either expressly or by reasonable implication, will not be granted. *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). Such is the case here. Plaintiff contends that the Court failed to recognize that he claimed that he was under imminent danger of serious physical injury due to the risk of COVID-19 and the lack of social distancing in prison, as stated on Page 30 of his complaint. The Court, however, was aware of his one-sentence allegation at the time it issued its decision. Such a conclusory allegation, without facts, was insufficient to meet to the exception. *See, e.g., Vandiver v. Prison Health Svs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (citing cases).

In his motion, Plaintiff also states that he contracted COVID-19 in December,

2020 and that he continues to suffer from its effects. Such facts, however, do not mean that he was under imminent danger of serious physical injury at the time he submitted his complaint four months earlier in August, 2020. To be sure, such facts were not before the Court when Plaintiff filed his complaint or when the Court issued its decision. A motion for reconsideration is not an appropriate vehicle for a party to raise new facts or arguments. *United States v. Huntington Nat'l Bank*, 574 F.3d 329, 331-32 (6th Cir. 2009); *United States v. A.F.F., Juvenile*, 144 F. Supp. 2d 809, 812 (E.D. Mich. 2001). The purpose of a reconsideration motion is to allow a court to reconsider its judgment when the court made a mistake based upon the record before it such that its judgment rests on a defective foundation. It does not provide a defeated party a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or facts. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001); *Southfield Educ. Ass'n v. Board of Educ. of the Southfield Pub. Sch.*, 319 F. Supp. 3d 898, 902 (E.D. Mich. 2018); *see also Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 474 (6th Cir. 1998) (ruling that an argument was barred where the movant "could have, but did not, raise [its] argument before the district court ruled"). Plaintiff's new allegations do not warrant reconsideration of the Court's prior decision.

Lastly, and significantly, Plaintiff's complaint concerns the validity of searches

of his residence in Saginaw, Michigan in 2007 and 2008 and the validity of his related arrest and detention (which ultimately led to his convictions on federal firearm charges) – it does not concern his conditions of confinement. The named defendants in Michigan are not responsible for his care in Pennsylvania. As such, Plaintiff fails to allege that he is in imminent danger of serious physical injury from the named defendants. *See Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009) (seminal case holding that there be some nexus between the alleged imminent danger and the legal claims in the complaint); *Andrews v. Cervantes*, 493 F.3d 1047, 1053-54 (9th Cir. 2007); *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999) (prisoner does not meet the imminent danger exception when he no longer faces risk from the defendants due to prison transfer); *see also Ball v. Hummel*, 577 F. App'x 96, 96 n.1 (3d Cir. 2014) (citing *Pettus*); *Chavis v. Chappius*, 618 F.3d 162, 171 (2d Cir. 2010) (expounding on *Pettus*); *Smith v. Christiansen, et al.*, No. 2:20-CV-13202, 2021 WL 37732, *2 (E.D. Mich. Jan. 5, 2021) (citing cases and dismissing case under the three strikes rule); *Tippins v. Holden, et al.*, No. 1:20-cv-598, 2020 WL 4344984, *4-5 (W.D. Mich. July 29, 2020) (discussing cases and statutory language and ruling that imminent danger must be related to the subject of the complaint so as to not subvert the PLRA); *cf. Vandiver,* 727 F.3d at 588 (declining to address the nexus issue). The Court properly determined

that Plaintiff fails to meet the imminent danger exception to the three strikes rule.

For the reasons stated, the Court concludes that Plaintiff fails to meet his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(h)(3). The Court properly denied Plaintiff leave to proceed without prepayment of the filing fee for this action and dismissed his civil rights complaint without prejudice. Accordingly, the Court **DENIES** his motion for reconsideration. This case remains closed.

**IT IS SO ORDERED**.

s/Denise Page Hood
Chief Judge, United States District

Dated: May 13, 2021